IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | | |
|---|---|---|
| ALVARO JOHNNY ALVARADO GOMEZ, | ) ) ) | |
| Petitioner, | ) ) | Civil Action No. 3:26-cv-00058-CBB |
| vs. | ) ) ) | United States Magistrate Judge Christopher B. Brown |
| TODD M. LYONS, ACTING DIRECTOR, IMMIGRATION CUSTOMS AND ENFORCEMENT; BRIAN MCSHANE, FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, PHILADELPHIA FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF HOMELAND SECURITY, PAMELA BONDI, U.S. ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE; EXECUTIVE OFFICE OF IMMIGRATION REVIEW; AND LEONARD ODDO, FACILITY ADMINISTRATOR OF MOSHANNON VALLEY PROCESSING CENTER; | ) ) ) | |
| Respondents. | | |

## SERVICE ORDER

**AND NOW,** this 23rd day of January, 2026, **IT IS ORDERED that within five (5) days of this Order**, the United States Marshal shall execute service of this Order by certified mail, together with a copy of the Petition for Writ of Habeas Corpus Under § 2241 (the "Petition"), upon the Respondent, <u>Warden of Moshannon</u>

Valley Processing Center. These documents also shall be served upon the United States Attorney for the Western District of Pennsylvania, and the Attorney General of the United States of America. Costs to be borne by the United States.

**IT IS FURTHER ORDERED that within fourteen (14) days of this Order**, Respondent shall answer or otherwise respond to the allegations of the Petition. Respondent's Answer must comply with the Local Rules for the United States District Court for the Western District of Pennsylvania and the Court's Electronic Case Filing Policies and Procedures.

Specifically, LCvR 2241 provides as follows:

**D. The Answer and the Reply.**

    **1. The Answer.**

        **a. When required.** Upon undertaking preliminary review of the motion for relief under 28 U.S.C. § 2241, if the Court finds that there is no basis for dismissal, the Court must enter an order directing the respondent to file an Answer within the time frame permitted by the Court. The respondent is not required to file a Response to the petition unless a Judge so orders. An extension may be granted only for good cause shown.

        **b. Contents.** The Response must address the allegations in the petition. All relevant documents should be attached to the Response as exhibits. In addition, the Response must state whether any claim in the petition is barred by a failure to exhaust administrative remedies, a procedural bar, or non-retroactivity.

    **2. The Reply.** Although not required, the petitioner may file a Reply (also known as "a Traverse") within 30 days of the date the respondent files its Response. If the petitioner wishes to file a Reply after 30 days have passed, he or she must file a motion requesting to do so and an extension may be granted only for good cause shown.

Finally, the Court's Electronic Case Filing Policies and Procedures, Section 7, provides as follows:

> 7. Attachments and Exhibits.
>
> A Filing User must submit in electronic form all documents referenced as exhibits or attachments in accordance with the court's ECF User Manual, unless otherwise ordered by the court. A Filing User shall submit as exhibits or attachments only those excerpts of the referenced documents that are directly germane to the matter under consideration by the court. Excerpted material must be clearly and prominently identified as such. Filing Users who file excerpts of documents as exhibits or attachments under this rule do so without prejudice to their right to timely file additional excerpts or the complete document. Responding parties may timely file additional excerpts or the complete document that they believe are/is directly germane.

In accordance with our Local Rules and our Electronic Case Filing Policies, Respondents are required to electronically file all exhibits that are required to be filed in their Answer. Respondents' noncompliance with the above authorities may result in sanctions.

**IT IS FURTHER ORDERED** that Petitioner shall file only the original of any pleading or other document with the Clerk of Court. Upon the filing of a pleading or other document, the court's ECF System will automatically generate and send a Notice of Electronic Filing to all Filing Users associated with that case. Transmission of the Notice of Electronic Filing constitutes service of the filed document. Any party who is not a registered user of the court's ECF System is entitled to receive a paper copy of any pleading or other document from the party making such filing. Service of such paper copy must be made according to the Local Rules of this court and the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Petitioner is under a continuing obligation to notify the Court of any change of address by filing a separate document entitled "Notice of Change of Address." Failure to do so may result in the dismissal of the case if the Court or Respondents are not able to serve documents upon Petitioner because he has not kept his address of record current.

**IT IS FURTHER ORDERED** that Respondents shall notify this Court in writing of any transfer, release, removal, or other change in the location of Petitioner's custody within three (3) business days of its occurrence. This does not in any way limit Petitioner's responsibility to notify this Court of any changes to his address.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge